JAMES N. JARVIE, Appellant, *v.* CHRISTINA ARBUCKLE et al., as Administrators of the Estate of JOHN ARBUCKLE, Deceased, et al., Respondents.

*Jarvie v. Arbuckle,* 163 App. Div. 208, affirmed.
(Argued May 7, 1917; decided May 22, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 10, 1914, affirming a judgment in favor of defendants entered upon a verdict. The complaint alleged that on April 4, 1906, and for many years prior thereto the plaintiff, the defendants William A. Jamison, John Arbuckle, the defendants' intestate, and one William V. R. Smith were copartners doing business under the name of Arbuckle Brothers; that on said date a written agreement was entered into pursuant to which the plaintiff was to retire on June 1, 1906, and which provided, among other things, that Arbuckle and Jamison were to acquire the interests of Jarvie and Smith in the

assets of the copartnership and were to pay certain sums therefor, and Arbuckle and Jamison agreed "to assume, pay, and discharge all debts, liabilities and obligations of the copartnership, and to assume all outstanding leases, agreements and contracts of said copartnership;" that of the amounts to be paid Jarvie twenty-five per cent of his entire share was to be paid on June 1, 1906, and twenty-five per cent semi-annually thereafter, the last payment to be made on December 1, 1907; that on the 1st day of December, 1907, there was due and owing Jarvie on account of his share in the copartnership property from the said Arbuckle and Jamison according to said agreement the sum of $1,647,862.32, payment of which was duly demanded, and none of which sum was paid, except the sum of $1,595,094.12, leaving a balance due and owing and unpaid of $52,768.20, with interest thereon from December 1, 1907, for which amount judgment was demanded.   The answer admitted the existence of the copartnership and the making of the written agreement, but denied that the amount sued for was due and owing, and a. separate defense set up that in determining the amount to be paid plaintiff on account of his interest in the business and assets of said copartnership as aforesaid, they computed and took account of the assets and liabilities of said copartnership, and that through mutual mistake certain sums due certain Pittsburg employees of the firm had not been included in the account or charged against Jarvie which sum amounted to the amount charged sued for in the action.

*Lewis H. Freedman* and *Adrian H. Larkin* for appellant.

*William N. Dykman* and *Arthur E. Goddard* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ.  Not sitting: MCLAUGHLIN, J.